IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Nationwide Mutual Insurance Company, | ) | |
| | ) | C.A. No. : 0:11-1011-CMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | ON MOTION |
| Edna Ruff d/b/a The Tavern | ) | TO DISMISS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on motion of Defendant Edna Ruff d/b/a The Tavern ("Ruff") to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7), 12(b)(3) and 19, South Carolina Rule of Civil Procedure 12(b)(8), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.[1] Dkt. No. 14. For the reasons set forth below, Ruff's motion to dismiss is denied.

**FACTUAL BACKGROUND**

Nationwide Mutual Insurance Company ("Nationwide") filed this action for declaratory relief asking the court to declare void *ab initio* an insurance contract between Nationwide and Ruff. In its complaint Nationwide alleges that it issued an insurance policy to Ruff on January 18, 2011, and, on January 23, 2011, fire damaged portions of the recently insured premises. Dkt. No. 5. Thereafter, Ruff made a claim seeking coverage under the insurance contract issued by Nationwide. *Id.* Nationwide investigated Ruff's claim and determined that Ruff made several misrepresentations

---

[1] Ruff also moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the joinder of necessary and indispensable parties as required by Rule 19 would destroy diversity jurisdiction such that the court would no longer have subject matter jurisdiction in this case. However, this argument is covered in her argument pursuant to Rule 12(b)(7). *See infra* Part I.

1

in her insurance application. *Id.* On April 28, 2011, Nationwide filed this declaratory judgment action asking the court to declare the insurance contract void *ab initio* due to the material misrepresentations allegedly made by Ruff in her insurance application. *Id.*

Two weeks after Nationwide initiated this action and after Ruff's counsel had received oral and written notice of this action, Ruff filed a separate action in state court naming Nationwide as a defendant and also naming as defendants Harold R. Wyatt, Inc. ("Wyatt Inc."), the local insurance company where Ruff submitted her insurance application, and Mark Wyatt ("Wyatt"), the local insurance agent employed by Wyatt Inc. who worked with Ruff in the application process. Dkt. No. 20 at 2. Soon after filing her state court action, Ruff filed an answer and counterclaim in this action asserting counterclaims against Nationwide for breach of contract, bad faith, and unjust enrichment. Dkt. No. 12. In her state court claim and as a defense to Nationwide's federal claim, Ruff alleges that Wyatt actually filled in answers to the questions contained in her insurance application. Dkt. No. 14-1 at 2. Ruff argues that she provided honest verbal answers to Wyatt, but he "completed the [a]pplication in a fashion that was contrary to the information he received." *Id.* at 4.

In her motion, Ruff argues for dismissal on three grounds: (1) pursuant to Federal Rule of Civil Procedure 12(b)(7) because Wyatt and Wyatt Inc. are necessary and indispensable parties under Federal Rule of Civil Procedure 19 whose joinder will destroy diversity jurisdiction in this matter; (2) pursuant to South Carolina Rule of Civil Procedure 12(b)(8) and Federal Rule of Civil Procedure 12(b)(3) because another action is pending between the same parties for the same claim in state court; and (3) pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 because the court should abstain from hearing and deciding this matter. The court considers each argument below.

2

**I.     DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(7)**

Ruff argues that Wyatt Inc. and Wyatt are necessary and indispensable parties in this matter and that their joinder in this action would destroy this court's diversity jurisdiction. Dkt. No. 14-1 at 5-10. Therefore, Ruff moves for dismissal of Nationwide's claim pursuant to Federal Rule of Civil Procedure 12(b)(7).

A Rule 12(b)(7) motion to dismiss for failure to join a party under Federal Rule of Civil Procedure Rule 19 requires a two-step inquiry. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir.1999). First, a court must ask "'whether a party is necessary to a proceeding because of its relationship to the matter under consideration' pursuant to Rule 19(a)." *Id.* (citing *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917-18 (4th Cir.1999)). "If a party is necessary, it will be ordered into the action. When a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Owens-Illinois*, 186 F.3d at 440. "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Id*. The burden is on the moving party to "show that the person who was not joined is needed for just adjudication." *Amer. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

The first step of the inquiry is to determine whether Wyatt and Wyatt Inc. are necessary parties. Pursuant to Rule 19(a)(1), a party is considered "necessary" if:

(A)     in that [party]'s absence, the court cannot accord complete relief among existing parties; or

3

      (B)      that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party]'s absence may:

            (i)      as a practical matter impair or impede the [party]'s ability to protect the interest; or

            (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Upon review, the court finds that Wyatt and Wyatt Inc. are not necessary parties under Rule 19.

As to Rule 19(a)(1)(A), the court can "accord complete relief among existing parties." This matter involves a contractual dispute over whether coverage exists under a Nationwide insurance policy. Nationwide and Ruff are the only two parties to the contract of insurance at issue. Therefore, the court can grant complete relief among the existing parties without joining Wyatt and Wyatt Inc.

As to Rule 19(a)(1)(B), Ruff has failed to show that either provision applies. Disposing of this matter without Wyatt and Wyatt Inc. will not impair their ability to protect their own interests. Neither Nationwide's declaratory judgment claim nor Ruff's counterclaims for breach of contract, bad faith, and unjust enrichment attempt to shift any liability to Wyatt or Wyatt Inc., and the resolution of the claim and counterclaims will not affect the ability of Wyatt or Wyatt Inc. to protect any interests they have. Additionally, not adding Wyatt or Wyatt Inc. as parties to this action will not subject Ruff to inconsistent obligations. The only party from whom Ruff can recover under the insurance contract is Nationwide. If she prevails in this action, her contractual damages will be satisfied, and if she does not her claims against Wyatt or Wyatt Inc. will not be impeded.[2]

---

[2] In her reply brief, Ruff notes the possibility that a judgment from this court could result in collateral estoppel in her state court proceeding against Wyatt and Wyatt Inc. However, if this

Ruff also argues that Wyatt and Wyatt Inc.'s participation as parties is necessary to the determination of coverage in this matter because they were involved in the submission of her insurance application to Nationwide. Dkt. No. 14-1 at 4. Specifically, Ruff argues that Nationwide will not be able to prove what was "conveyed, intended, or agreed upon" in the insurance application process if Wyatt and Wyatt Inc. are not joined as parties to this action. Dkt. No. 14-1 at 10. However, as Nationwide argues, Wyatt and Wyatt Inc. need not be named as parties for the court to make factual determinations about the insurance application process and what role Wyatt played in that process. *See* Dkt. No. 20 at 5-6. The matter before this court concerns a contractual dispute between two parties to an insurance contract. While testimony from Wyatt or other evidence from Wyatt Inc. will probably be necessary to the resolution of this dispute, it is not necessary that Wyatt and Wyatt Inc. be joined as parties to the action.[3]

Having found that Wyatt and Wyatt Inc. are not necessary parties to this action, the court need not determine whether they are indispensable. *See* Fed. R. Civ. Proc. 19; *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286-87 (4th Cir. 1994) ("[o]nly necessary persons can be indispensable"). Because Wyatt and Wyatt Inc. are not necessary parties to this action under Rule 19, Ruff's motion to dismiss pursuant to Rule 12(b)(7) is denied.

---

matter is resolved in federal court before Ruff's state claims are resolved, the state court will apply the appropriate collateral estoppel doctrine which takes into account issues of fairness to the parties. The potential collateral estoppel effect this matter could have in state court is not sufficient to make Wyatt and Wyatt Inc. necessary parties as defined by Rule 19. In light of this finding, the court denies Nationwide's motion for leave to file a surreply. Dkt. No. 24.

[3] The court notes that Ruff had the opportunity to make claims against Wyatt and Wyatt Inc. in this action but chose not to do so.

**II.    DISMISSAL UNDER SOUTH CAROLINA RULE OF CIVIL PROCEDURE 12(b)(8) AND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**

Ruff argues that under both South Carolina Rule of Civil Procedure 12(b)(8) and Federal Rule of Civil Procedure 12(b)(3) this action should be dismissed because a state court action is pending between the same parties for the same claim. *See* Dkt. No. 14-1 at 10-11. The court finds that neither rule provides a proper basis for dismissal in this case. As Nationwide correctly argues the South Carolina Rules of Civil Procedure govern actions brought in South Carolina courts, not federal courts, and, therefore, South Carolina Rule of Civil Procedure 12(b)(8) has no bearing on this matter. *See* Dkt. No. 20 at 12. Federal Rule of Civil Procedure 12(b)(3) allows a defendant to raise improper venue as a defense. However, Ruff does not cite to any legal authority to support her position that because another action is pending between the same parties for the same claim in state court, this federal court is an improper venue. Therefore, Ruff's motion to dismiss pursuant to South Carolina Rule of Civil Procedure 12(b)(8) or Federal Rule of Civil Procedure 12(b)(3) is denied.

**III.   FEDERAL DECLARATORY JUDGEMENT ACT**

Ruff argues that Nationwide's claims should be dismissed because the court should abstain from exercising jurisdiction over this matter, as permitted under the Federal Declaratory Judgment Act, due to the existence of a pending state proceeding between the parties. Upon review of the appropriate standard, the court finds that in this case it should not abstain from exercising diversity jurisdiction.

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, grants district courts discretion in declining to exercise jurisdiction over a declaratory judgment action. *See Winton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Fourth Circuit has held that "a declaratory judgment is appropriate

when the judgment will serve a useful purpose in clarifying and settling a legal issue and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *United Capital Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (internal citations omitted). "When a related state court proceeding is pending, however, considerations of federalism, efficiency, and comity should inform the district court's decision whether to exercise jurisdiction." *Penn-America Inc. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal citations omitted).

The Fourth Circuit instructs district courts to consider four factors in determining whether to proceed with a federal declaratory judgment action when a state action is also pending:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Id.*

It is undisputed that the federal action would "serve a useful purpose in clarifying and settling a legal issue" as it would clarify the parties' rights as to the insurance contract. Therefore, the court must look to the four factors articulated in *Penn-America.* First, although the destroyed premises at issue in this case may be of historical significance in Winnsboro, South Carolina (*see* Dkt. No. 23 at 6-7), this is not enough to create a strong state interest in having the case presented in state court. The issues involved are standard issues of contract and agency law which are well-settled in South Carolina and can be applied by the federal court. Second, the concerns of efficiency are neutral. As between Ruff and Nationwide, either the state or federal action could efficiently

7

resolve the parties' dispute. Third, because the same set of facts is at issue in both actions, there is the possibility of entanglement between the state and federal courts.[4] And fourth, there is no evidence that Nationwide has engaged in forum-shopping in this matter. Rather, there is evidence that Ruff did so in initiating her state action. Even though she was aware that Nationwide had filed this action in federal court (*see* Dkt. No. 20 at 1-2), Ruff chose to file a subsequent state court action concerning the same core set of facts against Nationwide. This factor weighs heavily in favor of exercising jurisdiction in this case. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) (noting that the order in which overlapping federal and state actions were filed is a factor to consider in determining whether to exercise jurisdiction).

Because this action would serve a useful purpose in clarifying the parties' rights under the insurance contract at issue and because the *Penn-America* factors weigh primarily in favor of exercising jurisdiction, the court finds that exercising jurisdiction under the Federal Declaratory Judgment Act is appropriate in this case. Ruff's motion to dismiss pursuant to the Federal Declaratory Judgment Act is, therefore, denied.

**CONCLUSION**

---

[4] However, it is likely that the federal action will be resolved first.

For the reasons set forth above, Ruff's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7), 12(b)(3) and 19, South Carolina Rule of Civil Procedure 12(b)(8), and the Federal Declaratory Judgment Act is denied.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 22, 2011

9